# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN LYNN PYLES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-16-1189-HE |
| JOE M. ALLBAUGH, ODOC Director,[1] | ) ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Steven Lynn Pyles, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Joe Heaton has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner is serving eight consecutive ten-year sentences pursuant to a 1990 criminal conviction entered in, and imposed by, the District Court of Atoka County, Oklahoma, which lies in the territorial jurisdiction of the Eastern District of Oklahoma. Pet. (Doc. No. 1) at 1; 28 U.S.C. § 116(b). Petitioner currently is confined at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. Pet. at 1. The city of Lawton is

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d) and 81(a)(4), Joe M. Allbaugh, the current Director of the Oklahoma Department of Corrections, is substituted as Respondent in this proceeding. *See* Okla. Dep't of Corr., *Director's Office*, https://www.ok.gov/doc/Organization/Director's_Office/ (last visited Nov. 1, 2016).

located in Comanche County, which lies in the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c).

The allegations of the Petition therefore establish that both this Court and the United States District Court for the Eastern District of Oklahoma have jurisdiction over this habeas proceeding. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). Pursuant to the statute, however, this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

In his pleading, Petitioner seeks relief from his Atoka County District Court criminal conviction due to: (1) his lack of competency to stand trial; (2) multiple prosecutions for one criminal act; and (3) ineffective assistance of trial counsel. *See* Pet. at 5-9. Thus, Petitioner's habeas claims challenge his state-court trial proceedings in the Eastern District of Oklahoma rather than the execution or administration of any prison sentence being served in the Western District of Oklahoma. *See id.*

It follows that relevant records and officials involved generally will be located in the district in which Petitioner was tried and convicted. And "if a hearing is required, trial counsel for the prosecution and any necessary witnesses should be available in the district where the conviction was obtained." *Manning v. Oklahoma*, No. CIV-13-990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013) (transferring § 2254 action and

noting that "federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the district of conviction").

Under these circumstances, the undersigned recommends transfer of the action to the Eastern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." *See* 28 U.S.C. § 2241(d); *see, e.g.*, *Watie v. Aldredge*, No. CIV-15-1205-HE, 2016 WL 1337287 (W.D. Okla. Apr. 5, 2016).

## RECOMMENDATION

Based on these considerations, the undersigned recommends that this action be transferred to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 20, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner further is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the above captioned matter.

The Clerk of the Court is directed to electronically serve a copy of this Report and Recommendation on Respondent and on the Attorney General for the State of Oklahoma at fhc.docket@oag.state.ok.us.

ENTERED this 29th day of November, 2016.

                                          CHARLES B. GOODWIN
                                          UNITED STATES MAGISTRATE JUDGE