# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| STEVEN LYNN PYLES, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV 17-020-RAW-KEW |
| JIMMY MARTIN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations (Dkt. 12). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at North Fork Correctional Center in Sayre, Oklahoma, attacks his convictions in Atoka County District Court Case No. CRF-88-56 for seven counts of Kidnapping and Atoka County District Court Case No. CRF-88-70 for Possession of Contraband in a Penal Institution, all after former conviction of one felony. He has not filed a response to the motion to dismiss.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) ("AEDPA"):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's Judgments and Sentences in Case Nos. F-1991-468, F-1991-469, and F-1991-470 on June 15, 1994 (Dkt. 13-1). Therefore, the convictions became final on September 13, 1994, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).

The AEDPA, which imposed the one-year statute of limitations, went into effect on April 24, 1996. Petitioner thus was required to file his habeas corpus petition by April 24, 1997. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998) (recognizing judicially-created one-year grace period).

With 302 days remaining on his year under the AEDPA, Petitioner filed an application for post-conviction relief during the "grace period" on June 26, 1996 (Dkt. 13-2). The application was denied on August 12, 1997, *id.*, and there is no record of an appeal to the OCCA. Petitioner, therefore, is afforded 30 days until September 11, 1997, for the time he could have sought an appeal of the denial. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th

2

Cir. 2000); *see also* Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, ch.18, App. Petitioner had 302 days from September 11, 1997, to file his habeas petition, or until July 10, 1998. His habeas petition, filed on October 13, 2016, is time-barred.

On January 21, 2016, Petitioner filed a second application for post-conviction relief in the district court (Dkt. 13-3), which was denied on April 6, 2016 (Dkt. 13-4). The OCCA affirmed the denial in *Pyles v. State*, No. PC-2016-342 (Okla. Crim. App. Sept. 2, 2016) (Dkt. 13-5). This second attempt to obtain post-conviction relief before the state courts cannot serve to toll an already expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003).

Petitioner does not assert he is entitled to equitable tolling. Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The Court finds that because Petitioner has failed to allege or argue equitable tolling, he is not entitled to such relief.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 12) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is

DENIED a certificate of appealability.

**IT IS SO ORDERED** this 24th day of August 2017.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma